IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:24-CV-00968

JAMES S., and A.S.,

    Plaintiffs,

vs.

MEDCOST BENEFIT SERVICES LLC, CAROLINA BEHAVIORAL HEALTH ALLIANCE, the CHARLOTTE MECKLENBERG HOSPITAL AUTHORITY d/b/a ATRIUM HEALTH, and the LIVEWELL HEALTH PLAN

    Defendants.

## PLAINTIFFS' BRIEF IN SUPPORT OF AMENDED MOTION TO PROCEED ANONYMOUSLY

Plaintiffs, through their undersigned counsel, respectfully submit this Brief in support of their Motion for Leave to Proceed Anonymously. Plaintiffs seek entry of an order permitting James S. to proceed with first name and last initial, and for A.S. to proceed under his initials.

### RELEVANT BACKGROUND

As an adolescent, A.S. received transitional living mental health treatment at Dragonfly Transitions ("Dragonfly"), a facility that provided sub-acute mental health and substance use disorder treatments specifically to adolescents. *See* Complaint ¶ 1. A.S. was admitted to Dragonfly to address several issues, including "gender dysphoria, complications from in-utero drug and alcohol exposure, ADHD, theft, depression, anxiety, suicidal ideation, self-harming,

1

Case 3:24-cv-00968-KDB-SCR    Document 6-1    Filed 12/11/24    Page 1 of 4

substance abuse, and borderline personality disorder." *Id.* ¶ 13. The parties dispute whether this treatment was medically necessary.

## ARGUMENT

### A. Proceeding Under Pseudonyms

Plaintiffs James S. and A.S. filed this matter under pseudonyms because the contents of this litigation involve HIPAA protected information from when A.S. was a minor. While A.S. is an adult now, there is still reason to proceed under pseudonyms. The facts of A.S.'s mental health and substance use disorder conditions are at the core of this litigation because Defendants denied coverage for A.S.'s treatment on the grounds that it was not medically necessary. If dispositive motions are filed, A.S.'s medical records will have to be quoted directly to prove the medical necessity of A.S.'s treatment.[1] If James S. and A.S.'s full names are used, the parties will need to redact large portions of their dispositive motions to protect A.S.'s HIPAA rights. If James S. and A.S. stay anonymous, Plaintiffs expect to file their dispositive motion without any redaction necessary.

Additionally, due to the sensitive nature of the medical history, it is in A.S.'s best interest to stay anonymous during this litigation. A.S. is now an adult and the contents of their medical records could have an impact on her future if they were to become public.

## CONCLUSION

For the foregoing reasons, Plaintiffs request the Court allow them to proceed anonymously.

DATED this 11th day of December, 2024

BRIAN S. KING, P.C.

BY: /s/ Brian s. King

---

[1] Presumably, Defendants will also quote A.S.'s medical records to attempt to prove she did not need treatment.

       Brian S. King, *admitted pro hac vice*
       Attorney for Plaintiff
       420 E. South Temple, Ste 420
       Salt Lake City, UT 84111
       Telephone: (801) 532-1739
       Facsimile: (801) 532-1936
       Brian@briansking.com

ESSEX RICHARDS, P.A.

BY: /s/ Norris A. Adams, II
       Norris A. Adams, II, NC Bar #32552
       Attorney for Plaintiff
       1701 South Boulevard
       Charlotte, NC 28203
       Telephone: (704) 377-4300
       Facsimile: (704) 372-1357
       nadams@essexrichards.com

3

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been sent to all parties registered to receive court notices via the Court's CM/ECF system.

      DATED this 11th day of December, 2024

                                        /s/ Brian S. King